USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1998 BARBARA ARNOLD and TERRA TURNER, Plaintiffs, Appellants, v. FERNANDO J. MONTILLA and PAVIA HOSPITAL,  Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge]  Before Bownes, Senior Circuit Judge, Lynch and Lipez, Circuit Judges.   Edward E. Parson on brief for appellants. Angel R. De Corral and De Corral & De Mier on brief forappellee Fernando J. Montilla; Ramonita Dieppa-González, Pinto-Lugo& Rivera, Jose R. Ortiz-Velez, and Latimer, Biaggi, Rachid &Godreau on brief for appellee Pavia Hospital.March 30, 1999 Per Curiam. In this medical malpractice action underPuerto Rican law the district court entered summary judgment fordefendants on cross motions for summary judgment. The districtcourt found that the claim was barred by Puerto Rico's short one-year statute of limitations for such actions. This court reviewsthe grant of summary judgment de novo, viewing all facts in thelight most favorable to the appellant. See Lennon v. Rubin, 166F.3d 6, 8 (1st Cir. 1999); McMahon v. Digital Equip. Corp., 162F.3d 28, 32 (1st Cir. 1998). Barbara Arnold underwent a hysterectomy on September 27,1994. The surgery was performed by Dr. Fernando Montilla at PaviaHospital in Puerto Rico. Both Montilla and Pavia Hospital aredefendants in this case. In the aftermath of the hysterectomy,Arnold suffered continuing discomfort, vomiting, stomachdistension, and nausea. She alleges that she suffered anintestinal obstruction as a result of the surgery. On October 5,1994, she underwent emergency surgery to remove this intestinalobstruction. This second surgery was performed in St. Thomas,V.I., by Dr. Lawrence Rawlings.  In support of her claim that her action is not time-barred, Arnold argues that Dr. Montilla made statements to her inthe post-operative period, and beyond, that the hysterectomysurgery was successful, that her pain was normal, and that she onlyhad an upset stomach. Arnold also points out that the hysterectomyconsent form listed intestinal obstruction as a possiblecomplication of the hysterectomy. Arnold says that because of theconsent form she thought that intestinal obstruction was a normalcomplication and thus she was lulled into thinking there had beenno negligence. She claims that she first discovered in earlyJanuary 1995 that the intestinal obstruction resulted from Dr.Montilla's negligence during the surgery and that Dr. Montilla andthe Hospital were negligent in providing post-operative care whenthey failed to diagnose the obstruction. She attributes herinaction between October 1994 and January 1995 to the general painand discomfort that she suffered in the aftermath of the twosurgeries. Arnold filed her complaint in federal court on January 5,1996. Defendants filed a motion for summary judgment; Arnoldopposed and filed her own summary judgment motions against the twodefendants. She appeals from the grant of the defendants' motion,arguing that whether the running of the statute of limitations wastolled by Dr. Montilla's statements or by the consent form wereissues for a jury to consider. She also says the district courtignored the tolling statute, 31 L.P.R.A. § 5298. Arnold's appellate arguments do not fairly characterizeor address the actual basis for the district court's order grantingsummary judgment. The district court relied on excerpts from thedeposition testimony of Arnold and Dr. Rawlings. Dr. Rawlingstestified about both the intestinal surgery that he performed andhis communications with Arnold around the time of the surgery. Arnold testified in her deposition that Dr. Rawlings told her afterher October 5 surgery that her intestinal blockage "was caused bya--some kind of a problem that happened with the surgery I justrecently had," and that Dr. Rawlings "said the prior surgery thatI had was the cause of--was the cause of the blockage." Dr.Rawlings in turn confirmed that his only communications with Arnoldwere around the time of and immediately after her October 5, 1994surgery.  We agree with the district court that no reasonable fact-finder could find this action timely. Regardless of Dr. Montilla'sassurances, and any tolling effect which flowed from them, withindays of the initial surgery Arnold clearly had sufficient facts toput her on "notice of [her] injury, plus notice of the person whocaused it." Rodriguez-Suris v. Montesinos, 123 F. 3d 10, 13 (1stCir. 1997) (quoting Colon Prieto v. Geigel, 115 P.R. Dec. 232, 15P.R. Offic. Trans. 313, 330 (1984)); see also Villarini-Garcia v.Hospital Del Maestro, Inc., 8 F. 3d 81, 85 (1st Cir. 1993)(notingthat Puerto Rico law regarding discovery of an injury "focuses onwhether the plaintiff knew the facts that gave rise to the claim,not their full legal implications"). It was no longer reasonablefor her to rely on Dr. Montilla's assurances. Since she did notbring suit within one year from the period of the intestinalsurgery that Dr. Rawlings performed, which, on her version of thefacts, was the latest period on which she had the requisite notice,her action was not timely. Because the district court granted summary judgment onstatute of limitations grounds against Arnold, the court quiteproperly did not reach Arnold's cross-motions for summary judgment.  Affirmed. Costs to appellants.